COURT OF COMMON PLEAS, LYCOMING COUNTY, PENNSYLVANIA
CASE MONITORING NOTICE

CV22-00357

Sandra Knopp; and John Knopp, her husband
**Plaintiff**
    vs.

Wal-Mart Stores East, Inc;, et al
**Defendant**

: DOCKET NO: _____
:
: CIVIL ACTION
:

I. This matter is:

    _____ **Mortgage Foreclosure** (file once an **Answer** has been filed).
        Time needed for trial ____(1 day) _____(1/2 day).

    _____ **Credit Card Collection Case** (file once an **Answer** has been filed)
        a) ____ Arbitration. ($50,000 or less) Time needed for discovery? _____ months
        b) ____ Trial. Time needed for discovery? _____ months

    _____ **Forfeiture** (file once an **Answer** has been filed)

    _____ **Administrative Agency Appeal** (file with **Notice of Appeal**)

    __X__ **General Civil Case** (file with **Complaint**):
        a) ____ Arbitration. ($50,000 or less) Time needed for discovery? _____ months
        b) ____ Fast track (4 month discovery period)
        c) _X_ Normal track (9 month discovery period)
        d) ____ Complex track (12 month discovery period)
        e) ____ Medical Malpractice (14 month discovery period)

    _____ **Other.** Action requested: _____

II. Jury trial demanded? _X_____YES _____ NO

III. Please note any special scheduling concerns: _____

_____

Name of filing counsel or pro se party: _____ for _____
Address: _____
Telephone number: _____
Email address: _____

Opposing counsel or pro se party: _____ for _____
Address: _____
Telephone number: _____
Email address: _____

APR 14 2022

IN THE COURT OF COMMON PLEAS OF
LYCOMING COUNTY, PENNSYLVANIA

| | |
|---|---|
| SANDRA KNOPP; and JOHN KNOPP, her husband,<br><br>               Plaintiffs,<br>v.<br><br>WAL-MART STORES EAST, INC.; WAL-MART STORES EAST, INC., t/d/b/a MONTOURSVILLE SUPERCENTER NO. 1887; WAL-MART STORES EAST, L.P.; WAL-MART STORES EAST, L.P., t/d/b/a MONTOURSVILLE SUPERCENTER NO. 1887; WAL-MART INC.; WAL-MART INC., t/d/b/a MONTOURSVILLE SUPERCENTER NO. 1887;<br><br>               Defendants. | CIVIL ACTION<br><br>NO. **CV22-00357**<br><br>Type of Pleading:<br><br>**COMPLAINT IN CIVIL ACTION**<br><br>Filed on Behalf of Plaintiffs:<br><br>SANDRA KNOPP; and JOHN KNOPP, HER HUSBAND<br><br>Counsel:<br><br>Bryan S. Neiderhiser, Esquire<br>Supreme Court ID #81496<br>bneiderhiser@marcusandmack.com<br><br>Bradley E. Holuta, Esquire<br>Sup. Ct. ID #314301<br>bholuta@marcusandmack.com<br><br>Marcus & Mack, P.C.<br>57 South Sixth Street<br>Indiana, PA 15701<br>724-349-5602 (t)<br>724-349-8362 (f)<br><br>**JURY TRIAL DEMANDED** |



IN THE COURT OF COMMON PLEAS OF
LYCOMING COUNTY, PENNSYLVANIA

| | |
|---|---|
| SANDRA KNOPP; and JOHN KNOPP, her husband,<br><br>Plaintiffs,<br><br>v.<br><br>WAL-MART STORES EAST, INC.; WAL-MART STORES EAST, INC., t/d/b/a MONTOURSVILLE SUPERCENTER NO. 1887; WAL-MART STORES EAST, L.P.; WAL-MART STORES EAST, L.P., t/d/b/a MONTOURSVILLE SUPERCENTER NO. 1887; WAL-MART INC.; WAL-MART INC., t/d/b/a MONTOURSVILLE SUPERCENTER NO. 1887;<br><br>Defendants. | CIVIL ACTION<br><br>NO. **CV 22 - 0 0 3 5 7**<br><br>**JURY TRIAL DEMANDED** |

## NOTICE TO PLEAD

TO:   WAL-MART STORES EAST, INC.; WAL-MART STORES EAST, INC., t/d/b/a MONTOURSVILLE SUPERCENTER NO. 1887; WAL-MART STORES EAST, L.P.; WAL-MART STORES EAST, L.P., t/d/b/a MONTOURSVILLE SUPERCENTER NO. 1887; WAL-MART INC.; WAL-MART INC., t/d/b/a MONTOURSVILLE SUPERCENTER NO. 1887;

You have been sued in Court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served, by entering in writing with the Court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so, the case may proceed without you and a judgment may be entered against you by the Court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the Plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT REDUCED FEE OR NO FEE.

Pennsylvania Lawyer Referral Service
Pennsylvania Var Association
P.O. Box 186
Harrisburg, PA 17108
(800)692-7375

North Penn Legal Services
329 Market Street
Williamsport, PA 17701
(570) 323-8741

Respectfully submitted,

MARCUS & MACK, P.C.

Bryan S. Neiderhiser, Esquire
Supreme Ct ID #81496

Bradley E. Holuta, Esquire
Sup. Ct. ID #314301

Marcus & Mack, P.C.
57 South Sixth Street
Indiana, PA 15701
724-349-5602 (t)
724-349-8362 (f)

IN THE COURT OF COMMON PLEAS OF
LYCOMING COUNTY, PENNSYLVANIA

| | |
|---|---|
| SANDRA KNOPP; and JOHN KNOPP, her husband,<br><br>Plaintiffs,<br><br>v.<br><br>WAL-MART STORES EAST, INC.; WAL-MART STORES EAST, INC., t/d/b/a MONTOURSVILLE SUPERCENTER NO. 1887; WAL-MART STORES EAST, L.P; WAL-MART STORES EAST, L.P., t/d/b/a MONTOURSVILLE SUPERCENTER NO. 1887; WAL-MART INC.; WAL-MART INC., t/d/b/a MONTOURSVILLE SUPERCENTER NO. 1887;<br><br>Defendants. | CIVIL ACTION<br><br>NO. **CV22-00357**<br>**JURY TRIAL DEMANDED** |

## COMPLAINT IN CIVIL ACTION

AND NOW, come Plaintiffs, Sandra Knopp, and John Knopp, her husband, by and through their attorneys, Bryan S. Neiderhiser, Esquire, Bradley E. Holuta, Esquire, and Marcus & Mack, P.C., and file the following Complaint:

1. Plaintiffs, Sandra Knopp and John Knopp, are married adult individuals residing in Trout Run, Lycoming County, Pennsylvania.

2. Defendant, Wal-Mart Stores East, Inc., is an entity incorporated under the laws of Delaware with an address of 702 SW 8th Street, Bentonville, Arkansas, 72716. Defendant Wal-Mart Stores East, Inc., is registered to do business in the Commonwealth of Pennsylvania, accepting service of process at CT Corporation System, Allegheny, 600 North Second St., Suite 401, Harrisburg, Dauphin County, Pennsylvania 17101.

3. Defendant, Wal-Mart Stores East, Inc., also trades and does business as

Montoursville Supercenter No. 1887, which business entity is a retail store located at 1015 N. Loyalsock Avenue, Montoursville, Lycoming County, Pennsylvania, 17754.

4. Defendant, Wal-Mart Stores East, LP., is a limited partnership organized under the laws of Delaware. Upon information and belief, Defendant, Wal-Mart Stores East, L.P. has an address of 702 SW 8th Street, Bentonville, Arkansas, 72716. Defendant Wal-Mart Stores East, L.P., is registered to do business in the Commonwealth of Pennsylvania, accepting service of process at CT Corporation System, Allegheny, 600 North Second St., Suite 401, Harrisburg, Dauphin County, Pennsylvania 17101.

5. Defendant, Walmart Stores East, L.P., also trades and does business as Montoursville Supercenter No. 1887, which business entity is a retail store located at 1015 N. Loyalsock Avenue, Montoursville, Lycoming County, Pennsylvania, 17754.

6. Defendant, Walmart Inc., is an entity incorporated under the laws of Delaware with an address of 702 SW 8th Street, Bentonville, Arkansas, 72716. Upon information and belief, Defendant, Wal-Mart Inc. has its principle place of business at 702 SW 8th Street, Bentonville, Arkansas, 72716.

7. Defendant, Walmart, Inc., also trades and does business as Montoursville Supercenter No. 1887, which business entity is a retail store located at 1015 N. Loyalsock Avenue, Montoursville, Lycoming County, Pennsylvania, 17754.

8. Defendants Wal-Mart Stores East, Inc., Wal-Mart Stores East, L.P., and Walmart, Inc., shall hereinafter jointly be referred to as "Defendant Wal-Mart".

9. At all times relevant, Defendant Wal-Mart was the owner, operator, controller, manager, proprietor, lessor and/or lessee of a store and improvements known as Store No. 1887 located at 1015 N. Loyalsock Avenue, Montoursville, Lycoming County, Pennsylvania, upon

which Defendant Wal-Mart operated, oversaw, controlled and/or maintained a retail supermarket/supercenter known and doing business as Wal-Mart Supercenter, hereinafter referred to as the "Subject Premises".

10. At all times relevant, Defendant Wal-Mart had and/or was responsible for the care, control, custody, maintenance and/or supervision of said Wal-Mart Supercenter.

11. At all times relevant, Defendant Wal-Mart was acting by and through its duly authorized agents, servants, employees, assigns and/or representatives, who are known to Defendant Wal-Mart, who at all times relevant to this litigation were acting within the course of their relationship and the scope of their authority.

12. Defendant Wal-Mart is responsible for the actions, inactions, negligence, carelessness and/or recklessness of its employees, agents, servants, representatives and/or assigns as a matter of respondeat superior and/or vicarious liability.

13. On or around August 16, 2021 Plaintiff, Sandra Knopp was walking in a normal and prudent manner in the parking lot of the Subject Premises when she was inadvertently kicked, tripped, touched, and/or struck by the leg of a Wal-Mart employee who was negligently, carelessly, and/or recklessly moving shopping carts in the same area, hereinafter referred to as the "Subject Area". The aforementioned condition constituted a dangerous condition. As a result, the Plaintiff fell and sustained the injuries and damages set forth herein.

14. As a result of said incident, Plaintiff Sandra Knopp suffered serious injuries and damages as set forth in more detail below.

15. At all times relevant, each, one, some, and/or all of the Defendants were responsible for the care, upkeep, maintenance, supervision, inspection, and/or safety of the Subject Premises and/or the Subject Area.

16. At all times relevant, each, one, some, and/or all of the Defendants acted by and through its/their duly authorized agents, servants, employees, representatives, contractors, and/or assigns who were acting in the course and/or scope of their authority, representation, and/or employment.

17. At all times relevant, Plaintiff was a business invitee and was properly and appropriately present at the subject location.

18. Each, one, some and/or all of the Defendants caused, created and/or contributed to the aforementioned dangerous condition.

19. At all times relevant each, one, some and/or all of the Defendants knew, had constructive knowledge, and/or should have known of the existence of the aforementioned dangerous condition, including, but not limited to, the dangerous arrangement of the shopping carts and/or their proximity to customers, the inadequate training and/or conduct of the employee who was maneuvering those shopping carts, and/or the need for caution and care in areas where customers were walking.

20. The Wal-Mart Defendants knew or should have known that the above-described conditions and/or failures would create a high degree of risk of harm to Sandra Knopp and others at the premises.

21. Despite this knowledge, the Wal-Mart Defendants allowed the dangerous condition to remain.

22. Despite this knowledge, the Wal-Mart Defendants failed to notify Sandra Knopp of the dangerous condition.

23. Despite this knowledge, the Wal-Mart Defendants failed to provide additional personnel to ensure safety of the Subject Area.

24. Any and/or all of the actions, inactions and/or failures of the Wal-Mart Defendants as set forth above were negligent, careless, and/or reckless.

25. The actions of the Wal-Mart Defendants were a direct and proximate cause of the injuries and damages set forth below.

26. At all times relevant hereto, the Wal-Mart Defendants acted by and through its/their agents, ostensible agents, servants, employees, representatives, and/or assigns who were furthering the interests of the Defendants.

27. The Wal-Mart Defendants is/are responsible for the actions, inactions, conduct, negligence, carelessness, and/or recklessness of its agents, ostensible agents, servants, employees, representatives, and/or assigns as a matter of vicarious liability and/or respondeat superior.

28. The Wal-Mart Defendants was/were aware of, or should have been aware of, the high degree of risk of physical harm to the Plaintiff when it chose to act or failed to act in the aforementioned manner(s).

29. The actions of the Wal-Mart Defendants as set forth above caused and/or contributed to Plaintiffs' injuries and damages.

30. The subject incident and resulting losses, damages and/or injuries were caused and/or contributed to by the negligent, careless, and/or reckless conduct of the Wal-Mart Defendants, as outlined above and were not caused or contributed to by Plaintiffs.

**COUNT I – NEGLIGENCE**
**SANDRA KNOPP, PLAINTIFF**
**vs.**
**DEFENDANTS WAL-MART STORES EAST, INC.; WAL-MART STORES EAST, INC., t/d/b/a MONTOURSVILLE SUPERCENTER NO. 1887; WAL-MART STORES EAST, L.P; WAL-MART STORES EAST, L.P., t/d/b/a MONTOURSVILLE SUPERCENTER NO. 1887; WAL-MART INC.; WAL-MART INC., t/d/b/a MONTOURSVILLE SUPERCENTER NO. 1887;**

32. Plaintiffs hereby incorporate by reference all preceding paragraphs as if the same were set forth herein.

32. The injuries and damages set forth below were caused and/or contributed to by, and were the direct and proximate result of, the negligent, careless and/or reckless conduct, actions and/or inactions of the Wal-Mart Defendants as set forth above, below, and in the following particulars:

   a. In failing to properly instruct and/or train its/their agents, ostensible agents, servants, employees, representatives, and/or assigns on how to properly move shopping carts;

   b. In failing to properly instruct and/or train its/their agents, ostensible agents, servants, employees, representatives, and/or assigns in how to safely and/or properly collect shopping carts;

   c. In failing to properly instruct and/or train its/their agents, ostensible agents, servants, employees, representatives, and/or assigns on how many carts to move safely at one time;

   d. In failing to properly instruct and/or train its/their agents, ostensible agents, servants, employees, representatives, and/or assigns on how to keep a lookout of the Subject Area while moving and collecting shopping carts;

   e. In failing to properly instruct and/or train its/their agents, ostensible agents, servants, employees, representatives, and/or assigns on warn Plaintiff of the dangerous condition that existed.

   g. In failing to provide and/or have on-site personnel to assist with the maneuvering of the carts in the Subject Area.

   e. In failing to provide adequate personnel to ensure the safety of customers in the Subject area;

   h. In allowing the negligent handling of carts in this way at a time when customers would be in the Subject area;

   i. In failing to warn Plaintiff of the dangerous condition of the Subject area;

   g. In utilizing agents, ostensible agents, servants, employees, representatives, and/or assigns to move shopping carts when the same were not properly

and/or appropriately trained for that task;

h. In failing to properly instruct its/their agents, servants, employees, representatives, and/or assigns on the proper equipment and/or methodology for collecting and moving shopping carts;

q. In failing to make available the appropriate equipment to assist in the proper collection and movement of the shopping carts;

r. In failing to take proper safeguards to prevent the subject incident from occurring;

s. In failing to take proper safeguards to prevent the attempted movement of the carts with use of legs in the manner described;

u. In negligently placing the Plaintiff in an injury producing situation by allowing the shopping carts to be moved/collected in the manner described.

v. In failing to have proper policies and procedures in place to properly and/or safely collect and move shopping carts;

x. In failing to properly keep a lookout and monitor the safety of customers;

y. In maneuvering, storing, and/or housing shopping carts in areas of high customer traffic;

z. In striking the Plaintiff.

33. As a direct result of the Wal-Mart Defendants' conduct as discussed above and the negligence, carelessness, and/or recklessness of the Defendants, Plaintiff Sandra Knapp suffered, among other things, the following injuries:

a. Communited right proximal humerus fracture;

b. The need for surgical intervention in an attempt to repair the above-described injury including a right reverse total shoulder arthroplasty;

c. Severe injury to her right upper extremity;

d. Severe pain and discomfort to her right upper extremity;

e. The onset of a stroke during the above surgery;

    f.    Severe internal injuries;

    g.    Severe injury to her shoulder including but not limited to the inability to lift her hand over her head;

    h.    Severe pain and discomfort to her shoulder;

    i.    Severe emotional distress and shock to her nerves and nervous system;

    j.    Other injuries and/or damages recoverable at law; and,

    k.    Some or all of the above may be permanent in nature.

34.    As a result of the Wal-Mart Defendants' conduct as discussed above and the aforesaid incident, Plaintiff Sandra Knopp, suffered, among other things, the following damages:

    a.    She has incurred in the past, and will incur in the future, substantial medical expense;

    b.    She has suffered in the past, and will suffer in the future, substantial pain, suffering, and inconvenience and the loss of certain ordinary pleasures of life;

    c.    She has sustained in the past, and will sustain in the future, other emotional, economic, and physical harm.

**WHEREFORE**, Plaintiff Sandra Knopp demands judgment against Defendants Wal-Mart Stores East, Inc; Wal-Mart Stores East, Inc. t/d/b/a Montoursville Supercenter No. 1887; Wal-Mart Stores East, L.P.; Wal-Mart Stores East, L.P. t/d/b/a Montoursville Supercenter No. 1887; Wal-Mart Inc.; and/or Wal-Mart Inc., t/d/b/a Montoursville Supercenter No. 1887, individually, and/or jointly and severally, in an amount in excess of the jurisdictional limits of a Board of Arbitrators of this Court.

**JURY TRIAL DEMANDED.**

## COUNT II – LOSS OF CONSORTIUM
## PLAINTIFF JOHN KNOPP
### vs.
## DEFENDANTS WAL-MART STORES EAST, INC.; WAL-MART STORES EAST, INC., t/d/b/a MONTOURSVILLE SUPERCENTER NO. 1887; WAL-MART STORES EAST, L.P; WAL-MART STORES EAST, L.P., t/d/b/a MONTOURSVILLE SUPERCENTER NO. 1887; WAL-MART INC.; WAL-MART INC., t/d/b/a MONTOURSVILLE SUPERCENTER NO. 1887;

35. Each of the above paragraphs is incorporated herein by reference.

36. At all times relevant hereto Plaintiff John Knopp was married to, and resided with, Plaintiff, Sandra Knopp.

37. As a result of the injuries to his spouse, Plaintiff John Knopp, has lost the society, comfort and services of his spouse.

38. As a result of the injuries to his spouse, Plaintiff John Knopp has in the past and/or may in the future be required to expend substantial sums of money for his wife's medical and other health-care expenses.

**WHEREFORE,** Plaintiff John Knopp demands judgment against Defendants Wal-Mart Stores East, Inc; Wal-Mart Stores East, Inc. t/d/b/a Montoursville Supercenter No. 1887; Wal-Mart Stores East, L.P.; Wal-Mart Stores East, L.P. t/d/b/a Montoursville Supercenter No. 1887; Wal-Mart Inc.; and/or Wal-Mart Inc., t/d/b/a Montoursville Supercenter No. 1887, individually, and/or jointly and severally, in an amount in excess of the jurisdictional limits of a Board of Arbitrators of this Court.

**JURY TRIAL DEMANDED.**

Respectfully submitted,

MARCUS & MACK, P.C.

_____
Bryan S. Neiderhiser, Esquire
Supreme Ct ID #81496

Bradley E. Holuta, Esquire
Sup. Ct. ID #314301

Marcus & Mack, P.C.
57 South Sixth Street
Indiana, PA 15701
724-349-5602 (t)
724-349-8362 (f)

## VERIFICATION

I, John Knopp, verify that the averments of the foregoing document are true and correct to the best of my knowledge, information and belief. I understand that false statements herein are made subject to the penalties of 18 Pa. C. S. A. §4904, relating to unsworn falsification to authorities.

_____
John Knopp

## VERIFICATION

I, Sandra Knopp, verify that the averments of the foregoing document are true and correct to the best of my knowledge, information and belief. I understand that false statements herein are made subject to the penalties of 18 Pa. C. S. A. §4904, relating to unsworn falsification to authorities.

_____
Sandra Knopp

## CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

Dated: April 5, 2022

MARCUS & MACK, P.C.

Bryan S. Neiderhiser, Esquire
Sup. Ct. ID 8496
bneiderhiser@marcusandmack.com

Bradley E. Holuta, Esquire
Sup. Ct. ID #314301
bholuta@marcusandmack.com

Marcus & Mack, P.C.
57 South Sixth Street
Indiana, PA 15701
724-349-5602 (t)
724-349-8362 (f)



